## CHANGE–ALL SOULS HOUSING CORPORATION

v.

## The UNITED STATES.

### No. 56–79.

United States Claims Court.

Dec. 9, 1982.

John P. Manwell, Washington, D.C., for plaintiff.

Kevin B. Shea, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

WILLI, Judge:

On March 12, 1982, following entry by the Court of Claims of a judgment in its favor on February 10, 1982, *Change-All Souls Housing Corp. v. United States,* 229 Ct.Cl. ——, 671 F.2d 463, plaintiff filed an application for allowance of attorneys' fees of $9,486.75 pursuant to § 204(a) of the Equal Access to Justice Act, Pub.L. No. 96–481, 94 Stat. 2327, 28 U.S.C. § 2412(d)(1)(A) (Supp.

IV 1980). Defendant has opposed and this opinion is to resolve the resulting dispute.

Under the Act, *supra*, a "prevailing party other than the United States" shall be awarded (28 U.S.C. § 2412(d)(1)(A) (Cum. Supp.1982)):

> [F]ees and other expenses * * * incurred by that party in any civil action * * * brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

■ An award of "fees and other expenses" may include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

The Act addressed a longstanding congressional concern that private individuals and small businesses were being "deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights in civil actions and administrative proceedings." Act § 202(a), Pub.L. No. 96–481, 94 Stat. 2325 (1980). *See Award of Attorneys' Fees Against the Federal Government: Hearings on S. 265 before the Subcomm. on Courts, Civil Liberties, and the Administration of Justice of the House Comm. on the Judiciary,* 96th Cong., 2d Sess. 16 (1980) (statement of Senator Domenici).[1]

■ The primary purpose of the Act is to reduce the economic deterrents to contesting unreasonable governmental actions. Act § 202(c)(1), Pub.L. No. 96–481, 94 Stat. 2325 (1980); H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 6, *reprinted in* [1980] U.S. Code Cong. & Ad.News 4953, 4984. Additionally, the Act is intended to make whole those small businesses and individuals who have been the victims of unreasonable governmental actions. *See* 1980 *Attorneys' Fees Hearings, supra,* at 18 (statement of Senator Domenici) and at 24 (statement of Senator DeConcini). *See also* 125 Cong.Rec.

S10, 914 (daily ed. July 31, 1979) (remarks of Senator DeConcini); *Awarding of Attorneys' Fees: Hearings before the Subcomm. on Courts, Civil Liberties, and the Administration of Justice of the House Comm. on the Judiciary,* 94th Cong., 1st Sess. 59 (1975) (statement of Mr. Wiggins).

In its response, filed November 8, 1982, defendant opposes the award sought by plaintiff on the ground, *inter alia*, that the position of the United States in the matter was substantially justified. Plaintiff has not filed a reply and the time for doing so has now expired. Because it is concluded that defendant's position in that regard is well taken, discussion herein will be limited accordingly.

Congress characterized the "substantially justified" standard as one of reasonableness to be determined according to stated criteria to be applied with the burden of proof on the Government:[2]

> The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a *reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the Government.* This allocation of the burden, in fact, reflects a general tendency to place the burden of proof on the party who has readier access to and knowledge of the facts in question. The committee believes that it is far easier for the Government, which has control of the evidence, to prove the reasonableness of its action than it is for a private party to marshal the facts to prove that the Government was unreasonable.

Certain types of case dispositions may indicate that the Government action was not substantially justified. A court should look closely at cases, for example, where there has been a judgment on the

---

1. Senators Domenici, DeConcini, and Nelson were sponsors of S. 265, the Senate's version of the Act.

2. *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Commission,* 672 F.2d 426, 429–30 (5th Cir.1982).

pleadings or where there is a directed verdict or where a prior suit on the same claim had been dismissed. Such cases clearly raise the possibility that the Government was unreasonable in pursuing the litigation.

The standard, however, should not be read to raise a presumption that the Government's position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing. (Emphasis added.)

H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10–11, reprinted in [1980] U.S.Code Cong. & Ad.News, 4953, 4989–90; S.Rep. No. 96–253, 96th Cong., 1st Sess. 6 (1980).

In Estate of Berg v. United States, 231 Ct.Cl. ——, 687 F.2d 377, 383 (1982), the United States Court of Claims equated governmental conduct that was not substantially justified with reprehensibility.[3]

The ultimate issue decided favorably to the plaintiff in the declaratory judgment action that was before the court was one of first impression. The vital question was whether plaintiff, an exempt organization under § 501(c)(3) of the Internal Revenue Code, was not a private foundation, as defined by § 509(a) of the Code even though one of the two organizations that formed and partially controlled it, i.e., Change Economic Development Corporation, was a private foundation and not a publicly supported organization within the meaning of § 509(a)(3)(B). Rejecting the literal purport of language in the Conference Committee Report on the legislation that became § 509(a)(3)(B) of the Code, the court held that the fact that plaintiff's other organizer and holder of one-half controlling interest, All Souls Church, Unitarian, Non-Profit Housing Corporation, was a publicly supported organization within the meaning of that provision was sufficient to qualify plaintiff for exclusion from private foundation status.

The fact that throughout the administrative history of the impasse that preceded this suit the Internal Revenue Service had persisted in denying that plaintiff was an exempt organization under § 501(c)(3) is of no relevance in determining whether the Government's position was "substantially justified" for fee recovery purposes. It is the Government's position in court that is determinative, Broad Avenue Laundry and Tailoring v. United States, 693 F.2d 1387 (CAFC 1982) and its concession of that issue was made with promptness that was reasonable in the context of the ongoing litigation.

Finally, plaintiff suggests that plaintiff's status as a charitable organization, now recognized as such for purposes of § 501(c)(3), warrants a greater liberality in applying the statutory standards for fee recovery. Congress has done this but only to the extent of removing from such entities the net worth ceiling limitation on client eligibility. 28 U.S.C. § 2412(d)(1)(C)(2)(B).

## CONCLUSION

■ Because, on the issue decided, this was a case of first impression as to which the Government's position was at least colorably supported by the legislative history of the statutory provision involved, it is concluded that its litigating position was substantially justified within the intendment of the Equal Access to Justice Act, supra. Plaintiff's application must therefore be denied.

___

**3.** This court has formally adopted all orders of the United States Court of Claims, U.S.C.C., General Order No. 1, October 7, 1982.