**Russell H. NANFELT, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 607–81C.**

United States Claims Court.

Dec. 28, 1982.

---

2. The court assumes that the date given in plaintiff's statement, "July 25, 1980," is the result of a typographical error.

John G. Roberts, Bethesda, Md., for plaintiff.

Robert A. Reutershan, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Gustav Goldberger, Dept. of Energy, Washington, D.C., of counsel.

## ORDER

KOZINSKI, Chief Judge.

Plaintiff is a former employee of the Atomic Energy Commission and of one of its successors, the Energy Research and Development Administration. He alleges that prior to his retirement in 1976 he was detailed from his GG–14 position to a GG–15 position for a total period of approximately 20 months. However, he was never given a promotion to the GG–15 level, and neither his compensation nor his retirement pay reflect the additional responsibilities which he fulfilled while in the higher-graded position. Plaintiff seeks a retroactive promotion to the GG–15 level, back pay and a commensurate readjustment of his retirement pay.

Jurisdiction in this court is invoked under the Tucker Act, 28 U.S.C. § 1491. The act can form the basis for jurisdiction, however, only where plaintiff is the beneficiary of a money-mandating provision in a contract with the government, a constitutional provision, an Act of Congress or a regulation of an executive department. In this case, plaintiff relies exclusively upon the Atomic Energy Commission Manual, Appendix 4108, Part VI. There is significant doubt whether this manual constitutes a regulation at all. *See generally McGrath v. United States,* 1 Cl.Ct. 236 at 238 (Cl.Ct.1982) (SETO, J.); *Fiorentino v. United States,* 221 Ct.Cl. 545, 551–54, 607 F.2d 963 (1979). Moreover, the manual did not require that plaintiff be promoted, and therefore is not a money-mandating provision which can form the basis for suit under the Tucker Act.

But plaintiff's claim must fail for a more fundamental reason: even if the manual in question were a regulation and were read to require plaintiff's promotion, it could still not form a basis for jurisdiction because it would not be a regulation of an executive department. The term "executive department" is not defined in title 28 of the Code, but we have previously held that the definitions in chapter 1 of title 5 are applicable. *Connolly v. United States,* 1 Cl.Ct. 312 at 314 (Cl.Ct.1982) (KOZINSKI, C.J.). Section 101 of title 5 lists the executive departments and the list is limited to the cabinet-level departments. At the times relevant to this action, neither the AEC nor the ERDA were executive departments; they were independent establishments. 5 U.S.C. § 104. Under these circumstances, their regulations cannot form the basis for jurisdiction under the Tucker Act.

Defendant's motion to dismiss is granted; plaintiff's cross-motion is denied. The clerk is instructed to dismiss the petition.

Costs to the prevailing party.

IT IS SO ORDERED.