Audrey GREENBERG, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 107–80T.

United States Claims Court.

Feb. 10, 1983.

Philip D. Brent, Encino, Cal., for plaintiff.

Paul Wright, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant.

## ORDER

KOZINSKI, Chief Judge.

Plaintiff brought this action in March 1980, to recover approximately $4,700 which

had been collected by the Internal Revenue Service pursuant to 26 U.S.C. § 6672 under the theory that she was a person responsible for the payroll tax liability of a corporate employer. During the course of pretrial proceedings, defendant conceded the correctness of plaintiff's position and in January 1982 entered into a stipulation for entry of judgment in the full amount demanded in the petition together with statutory interest. Plaintiff now seeks the award of costs and attorney's fees (totalling approximately $11,500) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff also seeks fees for the preparation of the fee application.

Defendant argues that the court lacks jurisdiction to award costs and attorney's fees, and that the award of fees is inappropriate because the position of the United States in this litigation was substantially justified. Defendant further argues that even if the court should deem the award of attorney's fees to be appropriate, no fees can be awarded for activities occurring prior to October 1, 1981, the effective date of the EAJA; that fees sought by plaintiff far exceed the amount authorized under the Act; and that attorney's fees may not be awarded for the preparation of an EAJA application.

## DISCUSSION

### 1. *The Court's Authority*

The argument that this court lacks authority to award attorney's fees and costs because it is not a court of the United States as defined in 28 U.S.C. § 451 has been made by defendant in numerous cases. The argument was rejected explicitly in *Bailey v. United States*, 1 Cl.Ct. 69, at 74 (Cl.Ct.1983) (WOOD, J.), and implicitly in *Wells Marine v. United States*, 1 Cl.Ct. 327 (Cl.Ct.1983) (MILLER, J.), and *Change-All Souls Housing Corp. v. United States*, 1 Cl.Ct. 302 (Cl.Ct.1982) (WILLI, J.). No judge of this court has accepted the argument and there is, as yet, no guidance from the Court of Appeals for the Federal Circuit.

The orders and opinions of a judge of coordinate jurisdiction constitute persuasive but not binding authority. *White v. Baltic Conveyor Co.*, 209 F.Supp. 716, 722 (D.N.J.1962). However, prudence, comity and the need for consistent application of the laws suggest that a judge should follow the rulings of another judge of the same court absent strong reason to the contrary. *United States v. Anaya*, 509 F.Supp. 289, 293 (S.D.Fla.1980); *EEOC v. Union Oil Co.*, 369 F.Supp. 579, 584 (N.D.Ala.1974). This is particularly so when the original ruling was issued on the basis of a thorough consideration of the competing arguments and contained careful, reasoned analysis. *Cf. Childers v. Southern Farm Bureau Casualty Insurance Co.*, 282 F.Supp. 866, 869 (E.D. Ark.1968). Having examined Judge Wood's thorough and persuasive opinion in *Bailey*, I propose to follow it until contrary guidance is offered by our court of appeals.

It should be noted that defendant has not strictly adhered to the position it offers here today. It has sought and collected costs from opposing parties, both during the course of proceedings, *Wellen Oil Co. v. United States*, 1 Cl.Ct. 98 (Cl.Ct.1982) (KOZINSKI, C.J.), and after judgment, *Nanfelt v. United States*, 1 Cl.Ct. 223 (Cl.Ct.1982) (KOZINSKI, C.J.). The bill of costs filed in *Nanfelt* is particularly telling because it refers explicitly to the inconsistent position taken by defendant on this issue in other cases. While defendant cannot confer jurisdiction upon the court through its arguments and actions, *Indian Wells Valley Metal Trades Council v. United States*, 1 Cl.Ct. 43, 45 (Cl.Ct.1982) (WIESE, J.), its position might be more persuasive if it reflected a view taken consistently rather than one adopted only when profitable to do so.

### 2. *Attorney's Fees*

Plaintiff's application for attorney's fees relies principally on what she considers to be the unreasonable position taken by the IRS in collecting the tax and forcing

her to bring an action for refund. However, it is now established in this circuit that it is the position of the United States in litigation before the court and not its position in administrative proceedings which must be examined for purposes of determining whether an award under the EAJA is appropriate. *Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d 1387, 1390 (C.A.Fed.Cir.1982); *Change-All Souls Housing Corp., supra,* at 304. *Accord. Tyler Business Services, Inc. v. NLRB,* 695 F.2d 73 (4th Cir.1982).

 The court finds that the defendant's position in this proceeding was substantially justified. The record reflects that plaintiff was corporate secretary for the business enterprise operated by her husband before he became terminally ill. Thereafter, one Jack Portney, a management consultant, was hired to liquidate the business. Plaintiff retained her corporate officer position and signed various corporate checks during the relevant period. Because defendant was unable to locate the IRS administrative file, the facts had to be reconstructed through limited discovery including interviews with Mr. Portney and others. As a result of this discovery, defendant concluded that plaintiff was not in a position to influence corporate policy and had no role whatsoever in directing the company's financial affairs.

Upon ascertaining these facts, defendant promptly conceded its position and settled the case for the full amount sought by plaintiff. It does not appear that defendant took an unduly long time to discover the facts or that it put plaintiff to any expense beyond that necessary to satisfy itself of the correctness of her position. Plaintiff's application appears to concede as much. Under the circumstances an award of attorney's fees under the EAJA is not appropriate. *Bailey, supra,* 1 Cl.Ct. at 75–76.

3. *Costs*

 Unlike the award of attorney's fees, an award of costs under 28 U.S.C. § 2412(a)

does not hinge upon a finding that the losing party's position was unreasonable or not substantially justified. Indeed, as noted in *Bailey,* 1 Cl.Ct. at 77, "awards of costs have routinely been made" by this court. There appears to be no reason to deny plaintiff her costs for bringing this action, and the court therefore exercises its discretion to award such costs.

CONCLUSION

The motion for attorney's fees is denied. The motion for costs is granted and the clerk is directed to tax costs upon receipt of plaintiff's bill of costs.

IT IS SO ORDERED.