**Charles M. HILL and Patricia B. Hill**

v.

**The UNITED STATES.**

**No. 637–82T.**

United States Claims Court.

Sept. 29, 1983.

Douglas M. Fryer, Seattle, Wash., for plaintiffs.

Abraham Gutwein, Washington, D.C., for defendant; Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., of counsel.

## OPINION ON PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COURT COSTS

WHITE, Senior Judge.

On May 6, 1983, the plaintiffs filed an application for an award of attorneys' fees and court costs under 28 U.S.C. § 2412(a) and (d) (Supp. V 1981). The application stated in part that "plaintiff [1] is the prevail-

---

1. The singular is used several times in the application and supporting papers, and presuma-
bly refers to both plaintiffs.

ing party who incurred fees and other expenses in his civil action against the United States in a court having jurisdiction of the action, when the position of the United States Internal Revenue Service was not substantially justified."

In an affidavit supporting the application, the plaintiff Charles M. Hill states that he hired accountants to prepare a tax refund application which included citations to the applicable legal authorities; that the authorities thus cited were controlling and supportive of his position in the case; that the Internal Revenue Service ignored his refund application and failed to respond within 9 months, thereby forcing him to hire attorneys to sue for a refund; that the deliberate refusal of the Internal Revenue Service to follow applicable court decisions was an unreasonable action and without substantial justification; and that his net worth did not exceed one million dollars at the time when this action was filed in December 1982.

The defendant's objection to the application for an award of attorneys' fees and court costs was filed on June 3, 1983; and the plaintiffs replied to the defendant's objections on June 20, 1983.

### Attorneys' Fees

The plaintiffs' complaint was filed in this court on December 3, 1982. On February 8, 1983, the Government filed a motion asking for a time enlargement of 30 days, to and including March 10, 1983, within which to file an answer. Plaintiffs' counsel having authorized defendant's counsel to state that the plaintiffs did not object to the allowance of the motion, the defendant's motion was allowed by the court on February 9, 1983.

On March 8, 1983, the defendant filed a motion asking that proceedings be suspended for a 72-day period, to and including May 21, 1983. In this motion, the defendant stated "that by letter dated February 25, 1983, counsel for plaintiffs has been advised that defendant has approved an administrative concession of the issue raised by the plaintiffs' complaint in this case,"

and that, by letter of the same date, the District Counsel of the Internal Revenue Service "has been authorized to schedule an overpayment of the appropriate amount resulting from our concession of this issue." This motion also stated that the plaintiffs did not object to the allowance of the motion; and the motion for suspension of proceedings was allowed by the court on March 10, 1983.

Thereafter, on April 8, 1983, a stipulation for the entry of judgment in favor of the plaintiffs and against the defendant, for the full amount sued for in the complaint, plus interest, was filed by the parties with the court. The stipulation expressly stated that "[e]xecution of this stipulation does not preclude the plaintiffs from claiming costs, fees, or other expenses under 28 U.S.C., Section 2412."

Judgment for the plaintiffs was entered by the court on April 8, 1983, pursuant to the stipulation.

The statutory provision governing an award of attorneys' fees to a successful litigant in an action against the United States is 28 U.S.C. § 2412(d) (Supp. V 1981). It states in part as follows:

(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Section 2412 of title 28, U.S.C., was enacted by section 204(a) of the Equal Access to Justice Act (Pub.L. No. 96–481, 94 Stat. 2325, 2327–29).

As previously indicated, the plaintiffs' application for attorneys' fees in this case is based upon the allegation that the refusal by the Internal Revenue Service to

make the tax refund which the plaintiffs had sought before that administrative agency "was an unreasonable action and without substantial justification." The U.S. Court of Appeals for the Federal Circuit has held that, in determining whether or not the position of the United States was substantially justified in a particular case, it is the position taken by the Government in litigating a cause of action before the courts that is determinative, and not the position of the administrative agency which caused the dispute to arise. *Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d 1387, 1390–91 (Fed.Cir.1982). This court has consistently (and necessarily) followed the lead of the Federal Circuit on this particular issue. *E.g., Bailey v. United States,* 1 Cl.Ct. 69, 75–76 (1983) (Wood, Judge); *Greenberg v. United States,* 1 Cl.Ct. 406, 407–08 (1983) (Kozinski, Chief Judge); *Clark v. United States,* 3 Cl.Ct. 194, 196 (1983) (Lydon, Judge); *accord, Alspach v. District Director of Internal Revenue,* 527 F.Supp. 225, 228 (D.Md.1981); *Operating Engineers Local No. 3 v. Bohn,* 541 F.Supp. 486, 496 (D.Utah 1982); *cf. Natural Resources Defense Council, Inc. v. United States Environmental Protection Agency,* 703 F.2d 700, 708 (3d Cir.1983); *Photo Data v. Sawyer,* 533 F.Supp. 348, 352 (D.D.C.1982).

█ Ignoring, as we must, the delay on the part of the Internal Revenue Service in acting on the plaintiffs' claim for a tax refund, and the ultimate refusal by the Internal Revenue Service to grant the refund, and considering only the litigating position of the Government after the court action was instituted, it must be held that the Government's litigating position was substantially justified.

As previously stated, the Department of Justice, representing the Government before the court, did request and obtain a 30-day time enlargement for the filing of the Government's answer, and later requested and obtained a 72-day suspension of proceedings, but these actions were taken without objection by the plaintiffs, and the delay resulted in a concession of liability by the Government and a stipulation for the

entry of judgment in favor of the plaintiffs, whereby the plaintiffs recovered the full amount sued for, plus interest.

No answer contesting the Government's liability was ever filed by the Government.

As the Government's litigating position in this case was substantially justified, the court cannot properly award attorneys' fees to the plaintiffs.

### Court Costs

The statutory provision authorizing an award of court costs in actions against the United States is 28 U.S.C. § 2412(a) (Supp. V 1981). It states in part as follows:

(a) Except as otherwise specifically provided by statute, a judgment for costs * * * may be awarded to the prevailing party in any civil action brought by or against the United States * * * in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall * * * be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

█ It will be noted that, in passing upon an application for an award of costs by a successful litigant, the test as to whether or not "the position of the United States was substantially justified" is not applicable. On the other hand, it is discretionary, and not mandatory, as to whether the court will or will not make an award of court costs to the prevailing party in an action against the United States.

█ During its long history, this court's predecessor, the U.S. Court of Claims, customarily declined to award court costs to parties prevailing in actions against the United States before that court. It is believed that this court should follow the same practice as the Court of Claims, and should decline to award court costs to the prevailing party (whether it is a claimant or the Government) unless there is a persuasive reason advanced by the prevailing party for a departure from the usual practice. *Clark v. United States, supra,* at 196–

97. No such reason has been advanced by the plaintiffs in the present case.

Therefore, the court, in its discretion, concludes that the application for an award of court costs in this case should be denied.

### Conclusion

For the reasons previously stated, the court concludes that the plaintiffs' application for an award of attorneys' fees and court costs should be denied.

The application will therefore be dismissed.

IT IS SO ORDERED.