Dorothy L. **TRONE**

v.

The **UNITED STATES.**

No. 273–80C.

United States Claims Court.

Oct. 28, 1983.

John I. Heise, Jr., Silver Spring, Md., for plaintiff; John P. Rhody, Jr., Silver Spring, Md., of counsel.

Louis R. Davis, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, David M. Cohen, and George M. Beasley, III, Washington, D.C., for defendant.

## OPINION

YOCK, Judge.

This matter is before the Court on the plaintiff's timely application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (Supp. V 1981) (EAJA). The application stated in part that plaintiff was entitled to reasonably-incurred attorney's fees in the amount of $4,412.50, and that the position of the United States in this action was not substantially justified.[1]

For the reasons discussed herein, this Court finds for the Government.

### Background

The attorney's fees sought here were incurred in the successful prosecution of a military pay claim. The plaintiff, Dorothy L. Trone, is the widow of Lieutenant Colonel Frederick W. Trone, U.S. Army, Retired. Prior to his retirement, Lieutenant Colonel Trone elected less than the maximum level of participation in the Survivor's Benefit Plan, 10 U.S.C. § 1447 *et seq.* (1976). This election reduced the payments otherwise necessary to fund a survivor's annuity at the maximum level. Needless to say, this election also served to reduce the survivor benefits receivable by plaintiff upon her husband's death. The Army, however, failed to notify the plaintiff of her husband's election at that time, as is required by 10 U.S.C. § 1448(a) (1976) as well as by Army regulations. *Trone v. United States,* 230 Ct.Cl. —— (1982).

Learning of her husband's election of less than full benefits only after his death, plaintiff sought administrative relief before the Survivor Benefit Plan Board and the Army Board for Correction of Military Records, both of which denied the prayed-for relief, *viz.* the voiding of her husband's election because of failure of notice and the granting to her of full survivor benefits. Having exhausted her administrative remedies, the plaintiff filed a petition in the United States Court of Claims on May 27, 1980.

In a motion for summary judgment dated October 15, 1980, plaintiff argued that the Army's failure to give proper notification to her of her husband's election violated 10 U.S.C. § 1448 (1976), thus voiding the election and entitling her to the maximum benefits allowed.

The Government, in its cross-motion for summary judgment and reply dated January 21, 1981, argued three points: first, that the Court of Claims had no jurisdiction over the case as plaintiff's claim was either based in tort or founded on a statute that did not mandate money judgment damages; second, that the administrative resolution should have been upheld as based on substantial evidence and not arbitrary and capricious; and third, that the plain language of 10 U.S.C. § 1448(a) (1976) provided that an election under the Survivor Benefit Plan is irrevocable if not revoked prior to retirement.

On April 16, 1982, the Court granted summary judgment for the plaintiff, citing *Barber v. United States,* 230 Ct.Cl. ——, 676 F.2d 651 (1982), issued nine days earlier, as

---

1. For the jurisdiction of the United States Claims Court to hear matters under the EAJA that were transferred from its predecessor court, the United States Court of Claims, *see Ellis v. United States,* 711 F.2d 1571 (Fed.Cir. 1983); *see also Greenberg v. United States,* 1 Cl.Ct. 406 (1983) (KOZINSKI, C.J.); *Bailey v. United States,* 1 Cl.Ct. 69 (1983) (WOOD, J.), appeal docketed, No. 83–837 (Fed.Cir. Mar. 15, 1983); *Clark v. United States,* 3 Cl.Ct. 194 (1983) (LYDON, J.); *Hill v. United States,* 3 Cl.Ct. 428 (1983) (WHITE, S.J.).

controlling.[2] *Trone v. United States, supra.* A liability order for the plaintiff was granted, and upon stipulation of the parties as to the amount due, a judgment of $34,670.33 was awarded to the plaintiff on December 27, 1982. Timely application for $4,412.50 of attorney fees under the EAJA followed.

Plaintiff contends in her application that the position of the United States in court had no reasonable basis in law or fact, that the defendant's position was to deny the plaintiff benefits rightfully owed, and that an award of attorney fees is necessary to make the plaintiff whole. In her reply to defendant's opposition, plaintiff further argues that she should not have to finance the education of the Executive Branch in the proper administration and enforcement of the law.

The defendant asserts that its position in court was substantially justified because its arguments were predicated upon the relevant statutory language and principles of law and also because the issues were of first impression.

*Discussion*

The Equal Access to Justice Act, 28 U.S.C. § 2412 (Supp. V 1981) (EAJA), provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses * * * incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. ·

*Id.* § 2412(d)(1)(A). An award of fees and other expenses may include reasonable attorney's fees. *Id.* § 2412(d)(2)(A); *Ellis v. United States,* 711 F.2d 1571, 1573 (Fed.Cir.

1983); *Change-All Souls Housing Corp. v. United States,* 1 Cl.Ct. 302, 303 (1982) (WILLI, J.).

Plaintiff in this matter is the prevailing party in a military pay case that was pending in the United States Court of Claims on October 1, 1981, and so is a qualified party under the EAJA. *See Ellis v. United States, supra,* 711 F.2d at 1574–75. This case was transferred to the U.S. Claims Court when the U.S. Court of Claims ceased to exist on October 1, 1982. *See* Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (1982). However, since the Government's position in the litigation for which fees are sought was substantially justified, plaintiff's application for an award of attorney fees against the Government must be denied.

The test of whether the Government's position in the litigation was substantially justified is whether that position was reasonable in light of all the pertinent facts. *Gava v. United States,* 699 F.2d 1367, 1370 (Fed.Cir.1983). Furthermore, the position to be analyzed is the litigating position taken by the Government before the court; prior positions taken by the Government in administrative proceedings are not to be considered in evaluating the reasonableness of the Government's position under the EAJA. *Id.* at 1371; *Ellis v. United States, supra,* 711 F.2d at 1575.

The burden of proving the substantial justification of its position lies with the Government. It must be shown by the Government that its position had a reasonable basis both in law and fact to avoid an award. *Ellis v. United States, supra,* 711 F.2d at 1575–76; *Change-All Souls Housing, supra,* 1 Cl.Ct. at 303. But, as the legislative history of the EAJA indicates:

> [T]he standard, however, should not be read to raise a presumption that the Government's position was not substantially justified, simply because it lost the case. Nor, in fact does the standard re-

---

2. *Barber v. United States, supra,* and *Trone v. United States, supra,* held that notification of a service member's spouse of the member's election of less than maximum survivor benefits under 10 U.S.C. § 1447 *et seq.* (1976) is a

prerequisite to a proper election. Therefore, absent the proper notification to the spouse, the member's election was void and the spouse was entitled to recover the maximum allowed by the Survivor's Benefit Plan.

quire the Government to establish that its decision to litigate was based on a substantial probability of prevailing. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10–11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4989–90; S.Rep. No. 96–253, 96th Cong., 1st Sess. 6 (1980); *see Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d 1387, 1391–92 (Fed.Cir. 1982); *see also Gava v. United States, supra,* 699 F.2d at 1372 (NICHOLS, J., concurring) (the expectation of prevailing is but one consideration in assessing reasonableness). In this application, the Government has successfully sustained its burden of proving that its position was substantially justified.

Both parties concede that the litigation for which fees are here sought, together with a companion case, *Barber v. United States,* were tried concurrently as test cases, and as cases of first impression. This Court and the Federal Circuit have held that where the law is unsettled or the issues are of first impression, the Government's defense of a case arising from an administrative decision is reasonable where it is not clear that the administrative decision was erroneous. *Gava v. United States, supra,* 699 F.2d at 1371; *Engels v. United States,* 2 Cl.Ct. 166, 167 (1983) (KOZINSKI, C.J.); *Change-All Souls Housing, supra,* 1 Cl.Ct. at 304.

In this case, the Government did not unduly prolong the litigation. On the contrary, the matter was disposed of on a motion for summary judgment for the plaintiff, from which the Government sought no further appeals. For plaintiff to recover, it must be found that the Government, in contesting plaintiff's complaint and motion for summary judgment, acted unreasonably. This is not so in this case.

Reasonable minds differ, and in this case two administrative review boards of the Department of the Army, the Survivor Benefit Plan Board and the Army Board for Correction of Military Records, concluded that the plaintiff was not entitled to relief. Upon judicial review, the Court of Claims overruled those decisions. This must come

as a great relief to plaintiff and those similarly situated. Spouses of retired military personnel will now receive full survivor's annuities if not notified of their spouses' election of less than full benefits under the Survivor's Benefit Plan. But the justification for the Government's position in defending the rulings of these boards must be measured against the law as it existed at the time of the litigation, not against the law that resulted from an appeal. *Kay Manufacturing Co. v. United States,* 699 F.2d 1376, 1379 (Fed.Cir.1983). There was a reasonable basis for the Government to litigate this unsettled legal point.

*Conclusion*

In view of the above discussion and the record before this Court, it is evident that the issue in the litigation for which attorney fees are sought were of first impression. Additionally, it was not clear, prior to this litigation, that the decisions of the administrative boards, from which review was obtained and relief granted, were erroneous. Thus, the Government was reasonable in defending the case and so was substantially justified in its position within the meaning of the EAJA. The application for attorney fees is therefore denied.

