### AABCO, INC.
### v.
### The UNITED STATES.
### No. 411–83C.

United States Claims Court.

Nov. 3, 1983.

See also 3 Cl.Ct. 109.

Mark J. Andrews, Washington, D.C., for plaintiff.

Helene Goldberg, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

YOCK, Judge.

This matter is before the Court on the plaintiff's timely application for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Supp. V 1981) (EAJA). The application stated in part that plaintiff was entitled to reasonably-incurred attorney's fees of at least $21,443.75, and that the position of the United States in this action was not substantially justified. The plaintiff also requested reimbursement for certain costs.

For the reasons discussed herein, this Court denies the plaintiff's application for fees and costs.

### Background

The attorney's fees and costs sought in this application were incurred in the successful prosecution of a contract declaratory judgment and injunctive action filed by the plaintiff on June 22, 1983. The plaintiff is a regulated freight forwarding company that specialized in moving household goods for military personnel. As such, plaintiff submitted computerized tape bids on various routes for the period October 1, 1983—March 31, 1984 used by the Army's Military Traffic Management Command (MTMC) to transport the household goods of military personnel worldwide.

The issue in this case was whether, in bids of less than $100 for each route, the bid had to contain five numeric characters in order to be considered responsive to the Government's solicitation. The Government contended that its regulations (Standing Instructions) required that all bids, including those less than $100, had to contain five numeric characters, e.g., a bid of $98.89 should be converted on the computer tape to 09889. Approximately 1800 (out of 2600) of the plaintiff's computerized bids were for routes where the bid was under $100. The plaintiff submitted those bids on the com-

puter tape with a leading blank instead of a leading zero numeric character, *e.g.,* 9889 instead of 09889.

After a two-day hearing conducted on June 27 and 28, 1983, and briefs on the matters, the plaintiff was able to convince the Court that the Government's Standing Instructions were ambiguous on the point and that plaintiff's reading of the instruction and actions based on that reading were reasonable. Thus, the bids should have been accepted as responsive. In addition, the plaintiff convinced the Court that even if it had made a mistake in its interpretation of the instructions, the mistake was a minor technical matter that did not materially affect the price, quality of service to be rendered, time requirements, or integrity of the competitive bidding process, and therefore should have been waived. Hence, the Court on July 11, 1983, granted the plaintiff's request for an order declaring that the contracting officer had abused his discretion in failing to give full and fair consideration to plaintiff's bids. The Court further enjoined the Army (MTMC) from accepting any other bids until it had fully and fairly considered the plaintiff's bids. *AABCO, Inc. v. United States,* 3 Cl.Ct. 109 (1983) (YOCK, J.).

Following the filing of the merit decision in this matter, the defendant moved the Court for a stay pending appeal on July 14, 1983. After both parties had briefed the motion, the Court issued its order denying the motion on July 19, 1983. The Government then filed its notice of appeal on July 20, 1983. Thereafter, the plaintiff filed its motion for release of bond which was granted on July 22, 1983. On September 15, 1983, the Federal Circuit dismissed the Government's appeal, after the Government had submitted its voluntary motion to dismiss. Timely application by plaintiff for attorney's fees and costs followed.

### Discussion

Plaintiff asserts in its application that it is entitled to an award of attorney's fees and expenses because it meets the statutory requirement of 28 U.S.C. § 2412(d)(2)(B) in that it is a corporation whose net worth is under $5 million and employs under 500 people; that it is a "prevailing party," as required by 28 U.S.C. § 2412(d)(1)(B); and that the position of the Government in this matter was not "substantially justified," as required by 28 U.S.C. § 2412(d)(1)(A), since the Court found the contracting officer had acted in an arbitrary and capricious manner and thus had abused his discretion by failing to give plaintiff's bid full and fair consideration.

The Government, in its opposition to plaintiff's application, raises a number of contentions. First, it contends that this Court lacks jurisdiction to hear matters under the EAJA. Second, it argues that the position of the Government in litigating this case was substantially justified. Finally, it asserts that even if the position of the United States is found not to be substantially justified, some of the fees and expenses were excessive and not reasonably incurred.

### Jurisdiction

█ The Government in this case has again raised the issue of whether this Court has jurisdiction to hear matters under the EAJA. The Government's argument is basically that the Claims Court is not a court of the United States as defined in 28 U.S.C. § 451 (1976), and points to the legislative history of the EAJA for support that Article I courts were not intended to be included in those courts having jurisdiction to hear matters under the EAJA. The Government looks to the legislative history even though the language of the Act itself states in pertinent part:

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States * * * *in any court* having jurisdiction of such action. * * *

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to

the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States * * * *in any court* having jurisdiction of such action.

28 U.S.C. § 2412(a)–(b) (Supp. V 1981) (emphasis added). The Government's position herein has been argued repeatedly to this Court and repeatedly rejected. *See Bailey v. United States,* 1 Cl.Ct. 69, 72–74 (1983) (WOOD, J.), *appeal docketed,* No. 83–837 (Fed.Cir. Mar. 15, 1983); *Greenberg v. United States,* 1 Cl.Ct. 406, 407 (1983) (KOZINSKI, C.J.); *Clark v. United States,* 3 Cl.Ct. 194, 196–97 (1983) (LYDON, J.); *see also Hill v. United States,* 3 Cl.Ct. 428 (Cl.Ct. 1983) (WHITE, S.J.); *Gould v. United States,* 3 Cl.Ct. 693 No. 513–82T (Cl.Ct. Oct. 31, 1983) (MILLER, J.). *But see Ellis v. United States,* 711 F.2d 1571, 1574 n. 3 (Fed.Cir.1983). Having digested Judge Wood's thorough and persuasive opinion in *Bailey, supra,* this Court will follow that logic until contrary guidance is offered by the Federal Circuit. This Court concludes that it has jurisdiction to decide applications submitted under the authority of the EAJA.

### Attorney's Fees

Plaintiff in this matter is a corporation whose net worth is under $5 million, employs less than 500 persons and is the prevailing party in a contract declaratory judgment/injunction action decided by this Court on July 11, 1983. As such, it is a qualified party under the EAJA that may apply for attorney's fees and costs. However, since the Government's position in the litigation for which fees are sought was substantially justified, plaintiff's application for an award of attorney fees against the Government must be denied.

■ The test of whether the Government's position in the litigation was substantially justified is whether that position was reasonable in light of all the pertinent facts. *Gava v. United States,* 699 F.2d 1367, 1370 (Fed.Cir.1983). Furthermore, the position to be analyzed is the litigating position taken by the Government before

the Court; prior positions taken by the Government in administrative proceedings are not to be considered in evaluating the reasonableness of the Government's position under the EAJA. *Id.* at 1371; *Ellis v. United States, supra,* 711 F.2d at 1575.

■ The burden of proving substantial justification of its position lies with the Government. The Government must show that its position had a reasonable basis both in law and fact to avoid an award. *Ellis v. United States, supra,* 711 F.2d at 1575–76; *Change-All Souls Housing Corp. v. United States,* 1 Cl.Ct. 302, 303 (1982) (WILLI, J.). But, as the legislative history of the EAJA indicates:

The standard, however, should not be read to raise a presumption that the Government's position was not substantially justified, simply because it lost the case. Nor, in fact does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing.

H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10–11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4989–90; S.Rep. No. 96–253, 96th Cong., 1st Sess. 6 (1980); *see Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d 1387, 1391–92 (Fed.Cir. 1982); *see also Gava v. United States, supra,* 699 F.2d at 1372 (NICHOLS, J., concurring) (the expectation of prevailing is but one consideration in assessing reasonableness). In this application, the Government has successfully sustained its burden of proving that its position was substantially justified.

■ The defendant asserts that its litigating position in Court was substantially justified for several reasons. Initially, defendant argues that its position was substantially justified because it was based on a recent case which involved a very similar claim and in which the Government prevailed on the merits, citing *Dean Forwarding Co. v. United States,* 2 Cl.Ct. 559 (1983) (HARKINS, J.). Also, the case at issue was on an expedited schedule (as all injunctive cases usually are) which left little opportunity for discovery, reflection and possible

settlement. Furthermore, the case required a trial to ventilate the views of several competing computer experts who differed on the clarity of the instructions and the disruption to the procurement process and service. The Court agrees with the Government on all of its contentions.

The *Dean Forwarding* case was a very close case, factually and legally, to *AABCO* and was the only similar precedent available to the litigants at the time of trial. The case involved another household goods freight forwarder that had made certain mistakes in its computer bids to the same agency of the Government, *i.e.,* the Army's MTMC. The fact that the Government prevailed in that action could have justifiably encouraged a reasonably prudent attorney/litigator to proceed with trial in the *AABCO* matter.

Also, there is a great deal of truth in the defendant's position that contract declaratory judgment/injunctive cases are by definition fast-paced cases that virtually force the Government into litigation before its litigation counsel know the full story. The plaintiff may have been living with its procurement problem for some time as the Government agency involved made up its mind as to who it should contract with. On the other hand, the Department of Justice litigation attorney is notified of the suit at one moment and often has to respond to the Court's call for a hearing the next. There is simply very little time for discovery, reflection or full understanding of the case. In this *AABCO* case, for instance, the plaintiff filed its complaint at 2:30 p.m. on June 22, 1983, and requested a temporary restraining order by 3:00 p.m. of the same day. Clearly Government litigation counsel was not in any position at that hearing to evaluate the case from any substantive standard. The entire case, in fact, took a total of some 20 calendar days from date of filing to date of decision. Counsel were in a merit decision hearing within 5 calendar days after the complaint had been filed. The courts have consistently looked to time factors to determine whether or not a litigating position was substantially justified. *See Greenberg v. United States, supra,* 1

Cl.Ct. at 408; *Clark v. United States, supra,* 3 Cl.Ct. at 197; *Hill v. United States, supra,* at 430; *Gould v. United States, supra,* at 696; *see also Ellis v. United States, supra,* 711 F.2d at 1576.

Finally, the Court agrees with the defendant that the case required a hearing to ventilate the views of several competing computer experts who differed on the clarity of the instructions and the disruption potential to the procurement process and the service to be contracted for. The matter involved an understanding of computer language and usage, and it was beneficial to the Court to have had the live testimony of the several computer experts involved.

In view of the above, it is concluded that the Government's litigating position in this case was substantially justified, and this finding requires the denial of plaintiff's application for attorney's fees.

### Costs

Plaintiff's application for costs, which is a discretionary matter with the Court that is not governed by the "substantially justified" test, is likewise denied. *Clark v. United States, supra,* 3 Cl.Ct. at 197–98; *Hill v. United States, supra,* at 430. It was the customary practice of this Court's predecessor court, the United States Court of Claims, to deny costs to either party. *Aparacor, Inc. v. United States,* 215 Cl.Ct. 596, 607, 571 F.2d 552, 558 (1978); *see also Timken Company v. United States,* 218 Ct.Cl. 633, 636, 590 F.2d 342 (1978). It is appropriate to follow Court of Claims' precedents unless compelling reasons are present which support a rejection of such precedents. *See Connolly v. United States,* 1 Cl.Ct. 312, 321 n. 11 (1982) (KOZINSKI, C.J.). No good reason has been advanced by plaintiff why the Court should depart from that customary practice in this case. *But see, Engels v. United States,* 2 Cl.Ct. 166, 167 (1983) (KOZINSKI, C.J.). Therefore, the Court, in its discretion, concludes that the application for an award of court costs in this case should be denied.

### Conclusion

For the reasons stated herein, the Court concludes that the plaintiff's application un-

der the EAJA for an award of attorney's fees and costs should be denied, and the application dismissed.