**SNOWBANK ENTERPRISES, INC.**

v.

**The UNITED STATES.**

No. 118–81L.

United States Claims Court.

Feb. 8, 1985.

Thomas G. Barry, Jr., Minnetonka, Minn., for plaintiff.

James T. Draude, Washington, D.C., with whom was Asst. Atty. Gen. F. Henry Habicht, II, Washington, D.C., for defendant.

## ORDER

YOCK, Judge.

The plaintiff, Snowbank Enterprises, Inc., has timely filed an application for attorneys' fees, costs and expenses, under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982) (EAJA), in the amount of $91,630.28.[1] The basis for such application

---

1. This Court has jurisdiction to award attorneys' fees and expenses under the EAJA in this case. *Morris Mechanical Enterprises, Inc. v. United States,* 728 F.2d 497, 498 (Fed.Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 503, 83 L.Ed.2d

395 (1984); *Laboratory Supply Corp. of America v. United States,* 5 Cl.Ct. 28, 30–31 (1984); *Trone v. United States,* 3 Cl.Ct. 690, 691 n. 1 (1983). While the EAJA was repealed on October 1, 1984, the repeal provision provides that subsec-

is that the position of the Government in this action was not substantially justified. The Government filed a brief in opposition to such application, asserting that its position was substantially justified.

After a four-day trial was conducted on October 19–22, 1982, the plaintiff convinced this Court that it was entitled to something more than the Government had offered as compensation for the fair market value of the Snowbank Lodge property but something less than the plaintiff had sought at trial. *Snowbank Enterprises, Inc. v. United States*, 6 Cl.Ct. 476 (1984). At trial, the plaintiff alleged that the Snowbank Lodge property had a fair market value of $1,360,000. *Id.* at 484. The defendant responded that the property had a fair market value of not more than $525,000. *Id.* at 484. In its opinion, this Court determined the fair market value of the property to be $756,691. *Id.* at 496. This award reflects an amount some $225,000 more than the Government contended the subject property was worth but some $600,000 less than the plaintiff's valuation.

■ Under the EAJA, attorneys' fees and expenses are recoverable by a party only if the Government's position in the adversary adjudication was not substantially justified in the "civil action" in which the attorneys' fees were incurred. 28 U.S.C. § 2412(d)(1)(A) (1982); *Broad Avenue Laundry and Tailoring v. United States*, 693 F.2d 1387, 1390 (Fed.Cir.1982). *See also Morris Mechanical Enterprises, Inc. v. United States*, 728 F.2d 497, 498–99 (Fed.Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 503, 83 L.Ed.2d 395 (1984); *Ellis v. United States*, 711 F.2d 1571, 1575 (Fed. Cir.1983); *Gava v. United States*, 699 F.2d 1367, 1370 (Fed.Cir.1983); *Trone v. United States*, 3 Cl.Ct. 690, 692 (1983). The test for substantial justification is one of reasonableness. *Ellis v. United States, supra,* 711 F.2d at 1575–76. In order to avoid an award of attorneys' fees and expenses, the Government bears the burden of proof

tion (d) should "continue to apply through final disposition of any action commenced before the date of repeal." *Equal Access to Justice Act,*

that its position had a reasonable basis in law and fact. *Id.* The legislative history of the EAJA provides additional guidance:

The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing.

H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in,* 1980 U.S.Code Cong. & Ad. News 4953, 4984, 4990.

■ While the Court found that the Government's appraisal was inadequate, it also determined that the plaintiff's appraisal was excessive. *Snowbank Enterprises, Inc. v. United States, supra,* 6 Cl.Ct. at 495. Further, the Court noted that "valuation of real property is by no means an exact science." *Id.* at 493. After considering the entire record in this case, the Court finds that the Government's position was substantially justified and, as required by section 2412(d)(1)(A), denies the plaintiff's application for attorneys' fees and expenses.

■ In addition to attorneys' fees and expenses, the plaintiff has applied for costs under the EAJA. An award of costs is a discretionary matter for the Court and is not governed by the "substantially justified" test. *AABCO, Inc. v. United States*, 3 Cl.Ct. 700, 704 (1983); *Hill v. United States*, 3 Cl.Ct. 428, 430 (1983); *Clark v. United States*, 3 Cl.Ct. 194, 197–98 (1983). This Court's predecessor, the United States Court of Claims, whose decisions are now binding precedent on this Court, customarily denied costs to either party. *Timken Co. v. United States*, 218 Ct.Cl. 633, 636 (1978); *Aparacor, Inc. v. United States*, 215 Ct.Cl. 596, 607, 571 F.2d 552, 558 (1978). Here, the facts presented simply do not justify this Court's deviation from its prior customary practice. Therefore,

Pub.L. No. 96–481, § 204(c), 94 Stat. 2325, 2329 (1980).

the Court, in its discretion, concludes that the plaintiff's application for costs should also be denied, with each party to bear its own costs.

For the reasons stated above, the plaintiff's application for attorneys' fees, expenses, and costs is to be dismissed.

IT IS SO ORDERED.