**UNIVERSAL RESTORATION, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 77–84–C.**

United States Claims Court.

Jan. 19, 1989.

---

23. *See supra,* note 7 and accompanying text.

Herman M. Braude, Washington, D.C., for plaintiff.

Hillary A. Stern, Washington, D.C., with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen and Mary Mitchelson, for defendant.

## OPINION AND ORDER

TURNER, Judge.

Universal Restoration, Inc., successful on the merits, has applied under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Supp. IV 1986), for attorney fees and other expenses incurred in its contract action against the United States. For reasons discussed below, it is concluded that Universal is not entitled to an EAJA award for its efforts in this case.

### I

The suit for which Universal now seeks an EAJA award emerged from its contract with defendant for the repair and restoration of areas within the National War College at Fort McNair in Washington, D.C. The contract was awarded to plaintiff on May 31, 1974. Plaintiff satisfactorily completed performance under the contract on September 23, 1975. During the course of performance, five contract modifications were agreed to by the parties; these modifications greatly increased the scope of the work so that what had started as a modest $65,000 contract grew into one for over $1,000,000.

The parties' dispute concerned the Truth In Negotiations Act (TINA), 10 U.S.C. § 2306(f) (1970). The government took the position that TINA applied to its modified contract with Universal, that Universal had violated TINA by failing to disclose pricing data pertinent to the contract modifications, and that this failure entitled the government to withhold payment of some monies Universal had billed under the contract. After an odyssey through several fora, Universal obtained judgment for $107,368, plus interest, on January 15, 1988.

Resolution of the issues raised by Universal's application requires an under-

standing of the procedural history of the underlying dispute. The Armed Services Board of Contract Appeals (ASBCA or Board) was the first forum to address this controversy. That body initially found for Universal in a 3–2 decision. *Universal Restoration, Inc.*, 82–1 BCA ¶ 15,762 (ASBCA 1982) [1982 WL 7091]. While the Board agreed with the government that TINA applied to the contract, as modified, and that Universal had violated TINA by failing to disclose pricing data, a majority of the panel found that the non-disclosure had no effect on the contract price. *Id.* On reconsideration, the Board reversed itself, again in a 3–2 decision in which, curiously, the vote of the judge who replaced a judge from the original majority made the difference. *Universal Restoration, Inc.*, 83–1 BCA ¶ 16,265 (ASBCA 1983) [1983 WL 8440]. After its motion to vacate the reconsidered decision was denied, *Universal Restoration, Inc.*, 84–1 BCA ¶ 16,918 (ASBCA 1983) [1983 WL 13387], Universal appealed to this court under the Wunderlich Act, 41 U.S.C. §§ 321 et seq., 322 (1982). This court (White, S.J.) affirmed the Board's actions. *Universal Restoration, Inc. v. United States*, 8 Cl.Ct. 510 (1985). On appeal, the Federal Circuit reversed. *Universal Restoration, Inc. v. United States*, 798 F.2d 1400 (Fed.Cir. 1986). The cause was remanded to the ASBCA for proceedings consistent with the Federal Circuit's decision; there, the Board denied the government's motion for reconsideration and granted summary judgment for Universal. *Universal Restoration, Inc.*, 88–1 BCA ¶ 20,394 (ASBCA 1987) [1987 WL 46076].

## II

In its application for EAJA monies, Universal asserts that the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). While conceding that defendant prevailed at some points in the process, Universal urges that these short-lived successes are not sufficient to show that defendant's position was reasonable, since the decisions which defendant won "were overwhelmingly contrary to the evidence." (Plaintiff's Reply at 3). Fur-

ther, plaintiff urges that then-existing case law was firmly contrary to defendant's position. Finally, plaintiff asserts that even if defendant's litigating position were otherwise reasonable, its post-remand motion to the Board for reconsideration was not. Universal seeks an award totalling $53,505.

In its Opposition, the government concedes that Universal is a "prevailing party" within the meaning of EAJA but questions the degree of success truly obtained since Universal advanced a number of contentions which the Federal Circuit, as well as the other fora, either rejected or chose not to address. Defendant urges, further, that even where Universal prevailed, it is not entitled to a fee award because the position of the government was "substantially justified" in light of then-existing case law. Finally, defendant contends that even if Universal could otherwise establish EAJA entitlement, it may not, as a matter of law, recover fees or expenses for its efforts before the Board related to a contract which predated the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–13.

## III

The EAJA provides:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In the case at bar, the parties do not dispute that Universal is a "prevailing party" within the meaning of the act. Nor does the government allege the presence of "special circumstances [that] would make an award unjust." *Id.* Instead, resolution of this matter hinges upon whether defendant's position was "substantially justified."

■ The Supreme Court recently defined "substantially justified" in the EAJA context as

'justified in substance or in the main,' that is, justified to a degree that could satisfy a reasonable person [, which] is no different from the 'reasonable basis both in law and fact' formulation [heretofore] adopted by [many of the circuits].

*Pierce v. Underwood*, — U.S. ——, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The burden of demonstrating substantial justification rests with the government. *Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1465–6 (Fed.Cir.1986), *quoting* H.R. REP. 1418, 96th Cong. 2d Sess. 18, *reprinted in* 1980 U.S. CODE CONG. & ADMIN. NEWS 4984, 4997. Justification for the government's position must be measured against the law as it existed when the government was litigating the case, not against new law enunciated at the conclusion of the case. *Kay Manufacturing Co. v. United States*, 699 F.2d 1376, 1379 (Fed.Cir.1983); *accord, Devine v. Sutermeister*, 733 F.2d 892, 895 (Fed.Cir.1984); *Essex Electro Engineers, Inc. v. United States*, 4 Cl.Ct. 463, 465–6 (1984), *affirmed*, 757 F.2d 247 (Fed.Cir. 1985).

Here the parties differ as to the significance, for "substantial justification" purposes, of the Board's split decisions, as well as the seesaw decisional sequence that characterized this litigation, in which defendant first lost, then prevailed for a time, then lost in the end.

■ The Federal Circuit has held that success by the government at some point in the litigation is not alone sufficient to demonstrate that its position was substantially justified. *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387, 1392 (Fed.Cir.1982); *accord, Schuenemeyer v. United States*, 776 F.2d 329, 331 (Fed.Cir.1985). However, the cases also teach that jurists' disagreement and seesaw decisional sequences can be potent evidence that the government's position "could [have] satisf[ied] a reasonable person," *Pierce v. Underwood*, 108 S.Ct. at

2550, and was thus "substantially justified." For example, in *Trone v. United States*, 3 Cl.Ct. 690 (1983), the court's finding that the government's position was substantially justified rested in part upon the fact that, prior to plaintiff's victory, "two administrative review boards... [had] concluded that the plaintiff was not entitled to relief." 3 Cl.Ct. at 693. Likewise, in *Rawlins v. United States*, 8 Cl.Ct. 355 (1985), the court denied an EAJA application on substantial justification grounds, finding it noteworthy that defendant's arguments had "persuaded one member of the panel." 8 Cl.Ct. at 357. Yet another court, in finding the government's position justifiable, observed that although plaintiff prevailed, "the court was divided." *Cherry v. United States*, 4 Cl.Ct. 20, 22 (1983). *See also Devine v. Sutermeister*, 733 F.2d at 898 (government's position substantially justified where issue litigated "was subject to conflicting judicial pronouncements in other circuits"); *Pototzky v. United States*, 8 Cl.Ct. 520, 521 (1985) (substantial justification shown where "case was not one-sided" and issue of "who is a responsible person" was one on which courts often reach differing conclusions on same record).

In the instant case, divisions among the deciding jurists ran deep. Both ASBCA decisions, as noted above, were split 3–2; indeed, taking account of the personnel change prior to the second Board decision, there were actually six administrative law judges who passed on the merits of this case, and they were divided 3–3. The late Senior Judge White of this court found for defendant. And although the three Federal Circuit judges who sat on this case reached consensus in favor of Universal, the entire ASBCA panel, on remand, "respectfully disagree[d]" with the circuit's legal conclusion (though dutifully complying therewith). *Universal Restoration, Inc.*, 88–1 BCA ¶ 20,394 (ASBCA 1987). The ASBCA panel's five judges, all of whom had previously heard this case, included two who twice before had sided with

Universal.[1] The final tally of jurists, then, is 6–4, but the higher score could reasonably be claimed by either side, depending upon whether the Board's *dicta* on remand indicated a change of opinion by two judges. Such magnitude of disagreement among jurists is powerful evidence that here the government was advancing a position that, although ultimately unsuccessful, had at least "a reasonable basis both in law and fact" and "could [have] satisf[ied] a reasonable person." *Pierce v. Underwood*, 108 S.Ct. at 2550.

But the reasonableness of the government's position does not depend solely upon the significance of the juristic divisions just described. Defendant also persuasively argues that, when examined "through the EAJA 'prism,'" its litigating position passes substantial justification muster. *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States*, 837 F.2d 465, 467 (Fed.Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 60, 102 L.Ed.2d 38 (1988), *quoting Federal Election Commission v. Rose*, 806 F.2d 1081, 1090 (D.C.Cir.1986). That is, when measured against the law as it existed when the government was litigating the case, *Kay Manufacturing Co. v. United States*, 699 F.2d at 1379, defendant's position can claim a "reasonable basis both in law and fact." *Pierce v. Underwood*, 108 S.Ct. at 2550.

Plaintiff's contention that defendant's litigating position was contrary to then-existing case law relies on two ASBCA decisions, *Luzon Stevedoring Corp.*, 71–1 BCA ¶ 8745 (ASBCA 1971) [1971 WL 1637] and *American Machine & Foundry Co.*, 74–1

BCA ¶ 10,409 (ASBCA 1973) [1973 WL 1508]. Defendant responds that both cases arose in slightly different factual contexts from that of the instant case, and that therefore its argument that these cases were distinguishable was reasonable when made.[2] Further, defendant observes that ASBCA decisions, though persuasive, are not accorded *stare decisis* effect, while Court of Claims decisions carry precedential weight; defendant cites three Court of Claims decisions whose strict interpretation of TINA, it urges, lent support to its position. These cases are *M–R–S Manufacturing Co. v. United States*, 492 F.2d 835, 203 Ct.Cl. 551 (1974); *Sylvania Electric Products, Inc. v. United States*, 479 F.2d 1342, 202 Ct.Cl. 16 (1973); and *Lockheed Aircraft Corp. v. United States*, 432 F.2d 801, 193 Ct.Cl. 86 (1970).

Defendant's contentions have merit. This case did not involve a factual dispute; rather, it turned on the legal significance, under TINA, of established facts. On this precise issue, there was a dearth of binding precedent. Yet, as defendant correctly points out, there was some general Court of Claims authority which adopted a strict application of TINA favorable to defendant. Thus, it is evident that defendant advanced a position that was "reasonably grounded in Court of Claims precedent." *Kay Manufacturing Co. v. United States*, 699 F.2d at 1379. Its position was both "legally sound and factually sensitive." *Cherry v. United States*, 4 Cl.Ct. at 23. And because Universal's ultimate victory "cannot be described as foreordained on the basis of decisions reported ... at the

---

1. The Board decisions were divided along the following lines:

| For Universal | For Defendant |
| --- | --- |
| First Decision | |
| Norman | Freeman |
| Andrews | Ruberry |
| Williams | |

(Prior to reconsideration, Judge Norman retired and Judge Brady replaced him).

| On Reconsideration | |
| --- | --- |
| Williams | Freeman |
| Andrews | Ruberry |
| | Brady |

Ironically, all five of the judges who sat on the second panel joined in "respectful disagree[ment]" with the Federal Circuit's final ruling for Universal. *Universal Restoration, Inc.*, 88–1 BCA ¶ 20,394 (ASBCA 1987).

2. The Federal Circuit found the facts of these cases sufficiently similar to adopt their holdings when it ruled for Universal; Universal points this out in its Reply, and declares that "an EAJA application is hardly the place to argue with the Federal Circuit's legal conclusions." Universal's argument misses the mark. It is not only appropriate, but proper, indeed, necessary, to explore the issue of what, if any, legal arguments the government reasonably had available to it *at the time* of the litigation. Certainly, defendant cannot *now* contend, in this circuit, that these cases are legally distinguishable and be substantially justified. But here, the inquiry concerns not what the law is now, but what the law was *then*, at the time of the litigation, and what reasonable legal arguments were available then.

time the government litigated the case," defendant has demonstrated it was substantially justified. *Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d at 1392; *accord, Essex Electro Engineers, Inc. v. United States,* 4 Cl.Ct. at 468.

## IV

Plaintiff urges that even if the government's position was substantially justified in all other phases, its post-remand motion for reconsideration before the Board was not. Plaintiff seeks fees for its efforts contesting this motion. For reasons set forth below, Universal's request for a separate evaluation of the motion for reconsideration is denied.

The Federal Circuit has held that, when addressing an EAJA application, "whether a court should individually evaluate each motion or issue in a case is essentially a matter of judgment for the court, as this decision is closely tied to the unique facts of each case." *Devine v. Sutermeister,* 733 F.2d at 896; *accord, Keely v. Merit Systems Protection Board,* 793 F.2d 1273, 1276 (Fed.Cir.1986); *McCarthy v. United States,* 1 Cl.Ct. 446, 459 (1983). In exercising this discretion, a court must ask whether the motion, issue or phase whose separate evaluation is sought is " 'sufficiently *significant* and discrete to be treated as a separate unit.' " *Devine v. Sutermeister,* 733 F.2d at 896, *quoting Van Hoomissen v. Xerox Corp.,* 503 F.2d 1131, 1133 (9th Cir.1974) (emphasis added). Here, an examination of Universal's itemized breakdown of its fees and other expenses reveals but 5.6 hours whose descriptions include reference to defendant's motion for reconsideration. Of these, 1.9 hours, or more than one-third, are billed at an hourly rate of $35, presumably indicating work performed by a law clerk or paralegal. The Court concludes that this motion for reconsideration is simply not "sufficiently *significant* ... to be treated as a separate unit" for fee award purposes. *Id.* Or phrased

more traditionally, *de minimis non curat lex.*[3]

## V

Plaintiff's EAJA application is DENIED. Judgment shall be entered accordingly.

---

**3.** This disposition of the issue moots the question whether as a matter of law the EAJA applies to efforts before an agency board related

to a contract predating the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–13.