. . Civilian pay; Court of Claims jurisdiction; equity jurisdiction; appellate jurisdiction. — On June 25, 1976 the-court entered the following order:
Before Skelton, Judge, Presiding; Kasi-iiwa and Bennett, Judges.
“This case comes before the court on cross-motions for summary judgment.
“The plaintiff, John B. Bright, was appointed a probation, officer for the United States District Court for the Eastern. District of New York on February 26, 1973, under the provisions of 18 U.S.C. § 3654. He was dismissed on August 30,. 1974, by the Chief Probation Officer because of his alleged inability to write presentence reports; Plaintiff contended that the real reason for his discharge was his criticism of the-probation department, which violated his right of free-'speech under the Constitution, and, on -that basis he asked, for and was granted a hearing by Chief Judge Jacob Mishler.. After -the hearing, certain samples of plaintiff’s reports with criticisms thereof were submitted to -the Chief Judge by the-Chief Probation Officer, which were not furnished to' the plaintiff or his attorney. The Chief Judge approved plaintiff’s dismissal and discharged him; finding'that the sole- *730 reason for Ms ¡discharge was Ms deficiency in writing pre-■sentence reports, and that his dismissal had nothing to do with plaintiff’s alleged criticism of the Probation Department. The CMef Judge, in Ms written opinion, held that the plaintiff was not entitled to a hearing at all on the question of his discharge for inability to write adequate presentence reports since he was not in the competitive service, 5 U.S.C. §7501; 5 C.F.R. §752.103; 5 U.S.C. §§ 2102(a) (2), 2103; and 5 C.F.R. § 6.4 and 213.3172, and that the only reason he was given a hearing was because plaintiff claimed Ms right -of free'speech (criticism of the Probation Department) was the cause of his dismissal.
“The plaintiff sues 'here, claiming Ms discharge was illegal because of the ex parte submission of documents to the Chief ■Judge as stated above. He asks this court to reinstate him to his job, for back pay to August 30, 1974, and for costs, interest and attorney fees. We hold that plaintiff has not alleged a claim on which relief can be granted by this court.
“The Court of Claims has no appellate jurisdiction nor ¡supervisory authority over a decision of a Federal District Judge in the State of New York. This jurisdiction and authority is vested in the United States Circuit Court of Appeals for the Second CircMt.
“TMs court can only enter judgments for money presently due by the United States. We have no equity powers except in aid of a money judgment. United States v. King, 395 U.S. 1 (1969). The Tucker Act, 28 U.S.C. 1491, is merely a jurisdictional act and does not create any substantive right against the United States for money damages. Before we ,are authorized to enter a judgment against the United States .for money presently due, the claimant must show a substantive right to such money damages within the guidelines of United States v. Testan, 424 U.S. 392, by reason -of a contract, money improperly exacted or retained, or a provision of the Constitution, a statute or a regulation that can fairly be interpreted as mandating compensation by the Federal ■Government for the damage sustained. Plaintiff has not met this requirement in tMs case. He has not pointed to a single provision of the Constitution, a .statute, or regulation that *731 mandates the payment of money to him because of liis discharge.
“The plaintiff refers to 18 U.S.C. § 3654, but that statute is ■contrary to plaintiff’s position, -because it affirmatively provides that the district court may in its discretion remove a probation officer. It says nothing about back pay. The plaintiff also cites 18 U.S.C. § 3656, but that statute is of no help to him, as it merely directs the Director of the Administrative Office of the United States to fix the salaries and expenses of probation officers, but there is no provision for back pay.
“The regulations in the United States Probation System Administrative Manual cited by plaintiff do not mandate the payment of any back pay. Section 8.12(a) (4) provides that the service of a permanent probation appointee may be removed ‘at the pleasure of the court.’ Section 8.21 provides that a probation officer may be removed by the court in 'his discretion. Section 8.30(D) dealing with efficiency ratings and their review merely provides that a probation officer may have a hearing before the district judge if he is dissatisfied with his efficiency rating and tire decision of the judge is final ‘without further review.’ Actually, that section is not .applicable as this is not a rating case.
“None of the statutes or regulations relied on by the plaintiff mandate the payment of presently due money damages to him. He is not covered by the laws and regulations of the Civil Service, as pointed out by Chief Judge Mishler (noted above).
“We find no authority that requires or permite us to enter a money judgment in favor of the plaintiff against the United States. We have no authority to reinstate him in his job in the absence of a money judgment, as we do not have general equity powers such as those granted to Circuit Courts of Appeal, nor do we have the supervisory -powers over district judges that those courts possess. United States v. King, supra; and United States v. Testan, supra. Consequently, plaintiff’s claims must be denied.
“Defendant’s motion for summary judgment is granted, plaintiff’s cross-motion for summary judgment is denied, and plaintiff’s petition is dismissed.”