**Andrew S. BISOM**

v.

**The UNITED STATES.**

No. 17–84C.

United States Claims Court.

June 27, 1984.

William R. Ramsey, Encino, Cal., for plaintiff.

Alvin A. Schall, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Sandra P. Spooner, Washington, D.C., for defendant.

## ORDER

### ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

WHITE, Senior Judge.

This civilian pay case is before the court on the defendant's motion to dismiss the complaint. The motion asserts that the court lacks jurisdiction over the subject matter of the litigation.

For the purpose of acting on the defendant's motion to dismiss, the court will assume that all the factual allegations in the plaintiff's complaint are correct.

The key factual allegations in the complaint are to the effect that the plaintiff was employed in July 1982 as a Management Analyst for the United States District Court for the Central District of California, and was stationed in Los Angeles; that on or about March 1, 1983, the clerk of the district court informed the plaintiff that his performance was unsatisfactory; that on or about March 7, 1983, the clerk of the district court terminated the plaintiff's employment with that court; and that the termination was effected by the clerk without obtaining the approval of the district court.

The complaint asserts that the plaintiff's termination by the clerk, without the approval of the district court, was in violation of 28 U.S.C. § 751(b) (1982), and was also in violation of rules and regulations promulgated by the Director of the Administrative Office of United States Courts and by the clerk of the district court. The plaintiff sues under 28 U.S.C. § 1491 (1982) for restoration to his position and back pay.

The references in the complaint to alleged violations of a statutory provision and of rules and regulations were apparently included because the grant of jurisdiction to this court in 28 U.S.C. § 1491(a)(1) (1982) extends to (among other causes of action) "any claim against the United States founded either upon * * * any Act of Congress or any regulation of an executive department * * *."

### Rules and Regulations

■ The plaintiff's reliance on alleged violations of rules and regulations promulgated by the Director of the Administrative Office of United States Courts and by the Clerk of the United States District Court for the Central District of California as providing a basis for jurisdiction cannot be sustained, for two reasons.

In the first place, neither the Administrative Office of United States Courts nor the United States District Court for the Central District of California is an "executive department," or other agency of the executive branch of the Government. Rather, both are units of the judicial branch.

The United States District Court for the Central District of California was established under article III, section 1, of the Constitution, which provides in part that "The judicial Power of the United States, shall be vested in one Supreme Court, and in such Inferior Courts as the Congress may from time to time ordain and establish. * * *"

That the Administrative Office of United States Courts is also part of the judicial branch of the Government is clearly shown: by its establishment among "Court Officers and Employees" in part III of title 28 of the United States Code, entitled "Judiciary and Judicial Procedure"; by the statu-

tory declaration that the director of the office "shall be the administrative officer of the courts, under the supervision and direction of the Judicial Conference of the United States * * * *" (28 U.S.C. § 604(a) (1982)); and by its obvious exclusion from the definitions of executive departments and agencies found in 5 U.S.C. §§ 101, 102, 103, 104(1), and 105 (1982).

As any rules and regulations that may have been issued by the Director of the Administrative Office of United States Courts or by the Clerk of the United States District Court for the Central District of California were not issued by an executive department or agency, an alleged violation of such a rule or regulation cannot form the basis for jurisdiction by this court. *Connolly v. United States*, 1 Cl.Ct. 312, 314–15 (1982); *Nanfelt v. United States*, 1 Cl.Ct. 223, 224 (1982).

Even if the rules and regulations allegedly violated in this case had been issued by an executive department or agency, the plaintiff's allegation could not properly be considered by the court, as the plaintiff did not specify with particularity the rules and regulations on which he relies. This court's Rule 9(h)(2) states as follows:

> (h) Special Matters Required in Complaint. The complaint *shall include:*
>
> \* \* \* \* \* \*
>
> (2) *Citations of Statutes, Regulations, Orders.* A clear citation of the Act of Congress, *regulation of an executive department or agency,* or Executive order of the President, where the claim is founded upon such an act, *regulation,* or order. [Emphasis supplied, except in heading of subparagraph (2).]

### Section 751(b)

The complaint does include a clear citation of the statutory provision which allegedly was violated in connection with the termination of the plaintiff's employment by the Clerk of the United States District Court for the Central District of California, *i.e.,* 28 U.S.C. § 751(b) (1982).

Section 751(b) provides as follows:

> (b) The clerk may appoint, with the approval of the [district] court, necessary deputies, clerical assistants and employees in such number as may be approved by the Director of the Administrative Office of the United States Courts. Such deputies, clerical assistants and employees shall be subject to removal by the clerk *with the approval of the court.* (Emphasis supplied.)

■ The allegation in the complaint that the plaintiff's termination was effected by the clerk without the approval of the district court appears, on its face, to show that this court has jurisdiction over the subject matter of the plaintiff's case and should proceed to determine whether, in fact, the plaintiff can establish by a preponderance of the evidence that his employment was terminated by the clerk without the approval of the district court.

In its brief supporting the motion to dismiss the complaint, however, the defendant asserts that the plaintiff's reliance on section 751(b) is misplaced because this section "does not contain any provision for back pay," citing *John B. Bright*, 210 Ct.Cl. 729, 731 (1976). This is not persuasive, because the order by the Court of Claims in the *Bright* case has no precedential value. Also, in that case the discharge of the court employee was approved by the Chief Judge of the United States District Court for the Eastern District of New York.

■ The defendant is correct in stating that section 751(b) does not contain any express provision for back pay in case a district court employee is discharged by the clerk without the approval of the district court. Also, it is true that a claimant who has been adversely affected by a violation of a statute can maintain an action for damages in this court only if the particular provision of law relied upon grants the claimant a right to a money payment from the Government. However, the right to remuneration can be conferred either expressly or by implication. *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967). The test is whether the particular statutory

provision relied on by the claimant "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.*, 178 Ct.Cl. at 607, 372 F.2d at 1009.

It seems to this court inconceivable that Congress would grant employees of a district court protection against being discharged by the clerk without the approval of the district court, and not at the same time provide, by necessary implication, a remedy for the financial loss (*e.g.*, loss of salary) sustained by a district court employee in the event of an unlawful discharge by the clerk without obtaining the necessary approval of the district court.

The court holds, therefore, that it has jurisdiction over the subject matter of the present case.

### Conclusion

For the reason previously stated, the court concludes that the defendant's motion to dismiss the complaint for lack of jurisdiction should be, and it is hereby, denied, in order that the merits of the plaintiff's claim may be determined.

IT IS SO ORDERED.