WELLEN OIL CO., INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 264–82L.

United States Claims Court.

Dec. 30, 1982.

Allan Maitlin, West Orange, N.J., for plaintiff; Feuerstein, Sachs & Maitlin, West Orange, N.J., of counsel.

Michael W. Steinberg, Washington, D.C., with whom was Donald W. Stever, Washington, D.C., for defendant.

## ORDER

KOZINSKI, Chief Judge.

On September 28, 1982, defendant filed a motion to compel responses to its interrogatories. Defendant alleged repeated delays and broken promises by plaintiff's counsel and sought costs for the motion. Response to that motion was due on October 15, 1982, but plaintiff did not file a response. Instead, on October 19, plaintiff's counsel wrote to defendant's counsel enclosing answers to the interrogatories. The court received a copy of the letter on October 22, 1982. On the same date, the court issued an order denying defendant's motion as moot (in light of the October 19 letter) but imposing $100 in costs upon plaintiff "to cover the reasonable expenses incurred by defendant due to plaintiff's failure to act in a timely fashion."

On October 28, 1982, defendant moved for reconsideration of the October 22 order. Defendant argued that its motion to compel was not moot because plaintiff's answers to interrogatories were not signed by plaintiff under oath. Instead, plaintiff's counsel, by letter, certified that plaintiff would be bound by the answers given. The letter did not explain why plaintiff failed to comply with the requirement in our rules, RUSCC 33(a), that interrogatories be answered under oath.

Plaintiff's counsel responded to the motion for reconsideration on November 12, 1982. The response explained that "the within action is a subrogation action brought by the St. Paul Fire and Marine Insurance Company as subrogee of Wellen Oil Co., Inc., a corporation of the State of New Jersey. The monies which are sought by way of damages in this matter have

been paid to or on behalf of Wellen Oil Co., Inc., and as such, the St. Paul Fire and Marine Insurance Company and not Wellen Oil Co., Inc., has a financial interest in the outcome of this suit." Resp. at 2. Counsel further explained that "the subrogating insurance company is having difficulty in locating any of the principals of Wellen Oil Co., Inc., in order to obtain their cooperation in the pursuit of this subrogation action." *Id.* Plaintiff's counsel requested that the court deem the interrogatories to have been properly answered, concluding as follows: "The plaintiff, through its counsel, represents that it is unable to locate any representative of Wellen Oil Co., Inc., who can certify to the answers to interrogatories." *Id.* at 3. In light of the caption of this case, it is difficult to understand the meaning of this sentence.

On November 18, 1982, defendant filed a reply and at the same time moved to dismiss. It argued that the matter was not being prosecuted in the name of the real party in interest; that from the November 12 pleading it is clear that counsel is not representing the named plaintiff at all but the insurance company; and that it would be unfair to continue the action which "would relegate the United States to shadow-boxing with an unavailable, or perhaps defunct, corporate entity—Wellen Oil Co., Inc.—who is not present before the court and is apparently not represented by counsel." Motion to Dismiss at 2. Defendant also notes that the $100 in costs imposed by the court on October 22 have not been paid and asks the court to specify by whom and when that amount should be paid. In addition, defendant requests costs for its motion for reconsideration.

The time for responding to the motion to dismiss expired on December 20, 1982. No response has been filed.

---

* Because the case was filed in the Court of Claims, the action could properly be brought by the oil company. *Quarles Petroleum Co. v. United States,* 551 F.2d 1201, 213 Ct.Cl. 15, 20 (1977). The action could equally well have been brought by the insurance company. *Reliance Insurance Co. v. United States,* 230 Ct.Cl. ——, 677 F.2d 844, 846 (1982). Under

## DISCUSSION

The cavalier attitude taken by plaintiff's counsel in dealing with this case lends strong support to defendant's position. The record is replete with instances of delay, failures to respond to motions, and ambiguous or unsatisfactory explanations. Defendant's repeated telephone calls seeking responses to its interrogatories evoked merely broken promises; its motion to compel brought forth no response; the court's order for $100 in costs has been ignored; defendant's motion to dismiss has been met by silence. This type of irresponsibility has no place in this court.

When an attorney files a complaint he represents to the court that he has authority to bring the action on behalf of the party he purports to represent. Ct.Cl.R. 42(c). *See* RUSCC 11. There is evidence that plaintiff's attorney has not complied with this basic principle. In fact, counsel has been remarkably vague about his relationship to the named plaintiff. From counsel's own statements, however, it can be gathered that he has no professional relationship to Wellen Oil Co. and that the insurance company is his only client. This has enabled counsel to ignore our procedural rules, secure in the knowledge that the insurance company will suffer no sanctions because it is not a party to the proceedings.* For the court to indulge such a practice would encourage irresponsibility and impose upon the opposing party a totally unwarranted burden.

On the basis of the foregoing,

IT IS ORDERED AS FOLLOWS:

(1) Defendant's motion to dismiss is granted and the clerk is directed to dismiss the petition.

(2) Defendant's motion to reconsider the order of October 22, 1982, is denied as moot.

---

our current rules, it would appear that the action can only be brought in the name of the insurance company because it has paid the claim in full and therefore has the only continuing financial interest in the case. *See* RUSCC 17; *Kansas Electric Power Co. v. Janis,* 194 F.2d 942, 944 (10th Cir.1952).

(3) Plaintiff Wellen Oil Company and Allan Maitlin, as attorney of record, are jointly and severally liable for the $100 in costs imposed by the court on October 22, 1982. RUSCC 37. *Cf. Asberry v. U.S. Postal Service,* 692 F.2d 1378, 1382 (CAFC 1982).

(4) Plaintiff Wellen Oil Company and Allan Maitlin, as attorney of record, are jointly and severally liable for the additional sum of $250 for defendant's expenses in preparing the motion for reconsideration and related materials. *Id.*

(5) The sums due under ¶¶ (3) and (4) shall be paid to the clerk of this court by certified check no later than January 17, 1983.

Costs to the prevailing party.