**INECON AGRICORPORATION,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 283–78.

United States Claims Court.

July 25, 1984.

---

Richard E. Herndon, Sausalito, Cal., for plaintiff.

Asst. Atty. Gen., F. Henry Habicht, II, Land and Natural Resources Division, Dept. of Justice, Washington, D.C., for defendant.

## ORDER RE: FINE AND SANCTIONS

YANNELLO, Judge.

On May 30, 1984, this court issued an Order scheduling an Oral Argument on the defendant's Motion to Dismiss.[1] The Argument was to take place on July 11, 1984, at 1:30 p.m. (EDT) and counsel were ordered to appear personally.

The Order provided that, in the event counsel wished to submit the motion without Argument or to change the schedule for the Argument, counsel should file a motion within 10 days from the date of the Order.

No motions were filed by either party under the Order.

At the time scheduled for the Argument, the court was present, as was a court reporter, but neither counsel appeared.[2] Ac-

---

1. Service of this Order was made upon the parties by the Office of the Clerk of the Court by mail. The Order was sent by regular mail to the plaintiff's counsel at his last known address (*i.e.*, the address indicated by counsel in his motion to substitute counsel filed on February 23, 1983). The Order was sent by mail to defendant's attorney of record by depositing the Order in the mailbox maintained in the Clerk's office from which an employee of the Department of Justice collects, daily, the mail addressed to government counsel.

2. This court is neither unaware of nor insensitive to the rare or occasional emergency situation (such as sudden personal illness or family emergency) which may justify the absence of counsel from a scheduled court appearance. In such situations, this court is prepared to take the circumstances into consideration and grant leave to reschedule the matter upon proper application and a showing of good cause. As will

cordingly, both counsel were in violation of this court's Order.

■ Any such failure to comply with the orders of the court may, if not excusable or justifiable, properly result in some disciplinary action or imposition of sanctions.

Certain facts concerning this non-appearance of counsel have come to the court's attention, which facts are noted below and indicate that the failure of counsel to comply with the court's Order was thoroughly inexcusable and was, moreover, the result of counsels' failure to comply with the Rules of the United States Claims Court (RUSCC).

■ Such a failure to comply with the rules may, in and of itself, warrant disciplinary action or imposition of sanctions in appropriate instances even had such a failure not also led, as it did here, to a failure to comply with specific court orders.[3]

Plaintiff's counsel did not receive the court's Order which was mailed to the address he furnished upon his appearance and for which no notice of change has been supplied to the court. (This fact is evidenced by the envelope returned to the Clerk's office by the Postal Service.)

Counsel's failure to notify the court of his change of address is in direct contravention of the requirements of Rule 81(d)(2).

■ Defendant's counsel did not appear at the Oral Argument because, apparently, she is no longer located in or employed by the Land and Natural Resources Division of the Department of Justice and is appar-

ently no longer representing defendant in this action. (This information was furnished to the court, upon its inquiry at the time of the scheduled Oral Argument, by a secretary contacted at the phone number furnished in the attorney's Notice of Appearance and unchanged since.)[4]

The United States as a party to this litigation is represented by the Attorney General or his delegate (usually an employee of the Department of Justice). Pursuant to the court's Rules, Rule 81(d)(1), each party, including the defendant, is required to be represented by one attorney of record.

When the complaint was filed in this action on June 15, 1978, a Notice of Appearance for defendant was entered on August 15, 1978 (at which time then-counsel also filed a motion for enlargement of time). Defendant filed a re-designation of counsel on November 3, 1982, and that notice has remained in effect without change to date.

It was to the attorney indicated in the 1982 Notice of Appearance that the court directed its Order scheduling Oral Argument. Moreover, the court Order clearly captioned the case involved, but apparently was not forwarded within the Justice Department to any attorney who may have replaced the former counsel or to whom this case may have been reassigned, or, if forwarded, was disregarded by that attorney.

The failure of defendant to notify the court of the appearance of new counsel is

---

be discussed in this Order, however, no such circumstances were present in the instant case.

3. With respect to imposition of fines or sanctions for failure to comply with the rules, or with court orders, *see* generally *White Mountain Apache Tribe of Arizona v. United States,* 5 Cl.Ct. 288 (NETTESHEIM, J., 1984), and cases cited therein; *see also Wellen Oil Co. Inc. v. United States,* 554 F.Supp. 442, 1 Cl.Ct. 98 (1982). *See also* RUSCC, Appendix F; Rule XII (superseding former Rule 81(c)).

4. For the information of all counsel generally and in the future, it is hereby noted that this court shall not attempt to contact counsel when

they fail to appear at scheduled Arguments or Conferences but shall merely proceed in their absence. Moreover, it is the duty and responsibility of counsel to keep the court advised of current addresses and phone numbers at all times, and this court shall not attempt to locate new addresses or phone numbers when the information of record is no longer accurate. (Particular attention should be paid to this notation by the attorneys of the Department of Justice whose telephone numbers appear to change with some frequency). If no change is furnished to the court, no further attempt by the court shall be made to locate the attorney.

also in contravention of the rules of the court, particularly Rule 81(d)(1).

The court finds that neither of these violations by the parties is excusable and notes that the violations resulted in the frustration of the court's Order Scheduling Oral Argument. (*See* Rule 77.1(b)).[5]

That counsel for both parties in the same case should have committed such transgressions is somewhat rare. But that counsel, either government and private, are all too frequently delinquent in such matters is, most regrettably, a fact.

The failure of counsel to appear at Arguments or Conferences, and to properly seek their rescheduling or cancellation, causes significant interference in the court's administration of justice in that the limited time, attention, and facilities which are directed to the scheduled case are necessarily diverted from other cases equally deserving of such time and attention.

Moreover, the pattern of failing to advise the court of current addresses and telephone numbers is one which must be reversed if the court is to function in any way; in short, the court must be able to issue its Orders and have its instructions received and followed by counsel.

■ For the foregoing reasons, and particularly the fact that the absence of counsel at the scheduled Argument was the result of a failure to comply with the rules concerning attorneys, this court believes that the assessment of costs incurred by the court, and of additional fines as sanctions, is appropriate in this case against counsel for both parties (which shall be borne by counsel and not the parties).

Accordingly, IT IS HEREBY ORDERED THAT:

1. Counsel for plaintiff, and for defendant, the Chief of the General Litigation Section of the Land and Natural Resources Division of the Justice Department, shall each pay the amount of $25.00 with respect to the cost of $50.00 incurred by the court in retaining a court reporter for an Argument which was scheduled and at which neither party appeared.[6]

2. In addition, counsel for plaintiff, and for the defendant, the Chief of the General Litigation Section of the Land and Natural Resources Division of the Department of Justice, (*see also* footnote 6) shall each pay to the Clerk of the Court a fine of $100.

3. The assessments made in paragraphs 1 and 2 above shall be paid to the Clerk of the Court within 30 days of the date of this Order.

---

5. Although some time had elapsed between the court's noting that briefing was closed and the matter was ready for decision and its Order Scheduling Oral Argument, this fact is of no moment. The attorneys of record must notify the court of current addresses in order that the parties may receive any court orders or formal decisions. There should always be a responsible individual to monitor the action and be prepared for any further proceedings. Counsel's initial briefs may be supplemented by them in the event of new case law prior to any final decision. Counsel should be aware that, at any time, the court itself may order such supplements or schedule oral argument as may be necessary in resolving the issues.

6. The Chief of the Section is designated rather than defendant's attorney of record because the entry of appearance of such attorney currently on file with the court is apparently no longer in effect and because the management and assignment of caseloads upon the departure of one attorney is believed to be the ultimate responsibility of the section supervisors.

The Section Chief may, however, within 10 days of the date of this Order, petition the court for reconsideration, *i.e.,* to apportion all or some portion of his fine between the attorney of record (whose appearance was noted on November 3, 1982), or any substitute attorney of record (whose notice of appearance this court would expect immediately), if the Section Chief determines that it was a delinquency on their part which was chiefly responsible for the failure to have an appearance of an attorney of record and, therefore, to appear at the Argument as ordered by the court.