**INECON AGRICORPORATION**

v.

**The UNITED STATES.**

No. 283–78.

United States Claims Court.

March 12, 1985.

No appearance for plaintiff.

Asst. Atty. Gen. F. Henry Habicht, II, Land and Natural Resources Div., Dept. of Justice, and James E. Brookshire, with Edward J. Passarelli, Washington, D.C., of counsel, for defendant.

YANNELLO, Judge.

## ORDER VACATING PREVIOUS ORDER OF JULY 25, 1984[1]

In an order issued on July 25, 1984, 5 Cl.Ct. 507, this court assessed costs and imposed fines upon counsel for both parties. Each had failed to appear at an oral argument scheduled by court order. On March 21, 1985, a motion was filed on behalf of government counsel, an official of the Department of Justice[2], asking the court to withdraw and vacate that order.[3]

---

**1.** The merits of this case were resolved in an unpublished Opinion issued on August 3, 1984. Defendant's motion to dismiss was granted and the complaint dismissed. That Opinion is not here in issue.

**2.** *See* 28 U.S.C. § 516, 28 C.F.R. § 0.13 *et seq.* (1984).

**3.** The court construes this motion as one filed pursuant to Rule 60(b) seeking relief from the order in the interests of justice. The motion is timely, having been filed within one year of the order and, in any event, within a reasonable time given the need for officials within the Justice Department to ascertain the surrounding circumstances and to implement corrective measures, as discussed in the subsequent text.

■ For the reasons set forth below, IT IS HEREBY ORDERED THAT: counsel's motion of March 21, 1985, is GRANTED; THAT defense counsel is relieved from the Order of July 25, 1984; and FURTHER THAT: said Order is hereby vacated and withdrawn.

The instant motion assures this court that government counsel maintain the highest standards of performance both with respect to the handling of individual cases and with regard to overall docket management. It is therefore understood that the omission in this case was inadvertent and in no way intended as disregard for the court's rules or orders.

Indeed, during the months since the 1984 Order was issued, counsel in the Department, including the section and division addressed in the instant motion, have continuously appeared before this court and exhibited highly professional conduct. The Chief of the General Litigation Section, who is responsible for much of the litigation on behalf of the Lands Division, is known to be a dedicated public servant and a valued officer of the court.

Moreover, the motion and its attachments suggest that the omission which occurred in the instant case was not the result of any individual failure but of an organizational problem that had not previously surfaced and could not be reasonably anticipated. Given the size and workload of the Department of Justice, it is understandable that occasional problems of case or docket management may occur.[4]

Finally, and of significant moment, is a letter of February 25, 1985, from the Deputy Assistant Attorney General of the Land and Natural Resources Division to the Clerk of this court, which is attached to the instant motion. The text of this letter indicates that officials within the Department of Justice have, since the 1984 Order, thoroughly examined the circumstances which gave rise to the rare omission in the instant case. Further, the letter assures the court that new and further measures have been implemented within the Justice Department, as part of its continuing effort to provide service of the highest caliber, to ensure that the type of omission which occurred in the instant case does not recur.

Based on the foregoing, it is now appropriate for this court to reexamine its 1984 Order.

Imposition of sanctions involves an exercise of the court's discretion. It is based on the particular facts and circumstances of each individual situation. The chief object of such action is to assure needed case-management and the efficient administration of justice. Based on the foregoing discussion of the instant motion, this court is satisfied that these purposes have been and will continue to be served and that the imposition of sanctions is unnecessary.

For the foregoing reasons, the interests of justice suggest that defense counsel be relieved from the terms of the July 25, 1984, Order, and that said Order be vacated and withdrawn. Moreover, the Order will be vacated with respect to plaintiff's counsel as well.[5]

IT IS SO ORDERED.

Counsel has also moved for expedited consideration of its motion, noting related proceedings in the Federal Circuit Court of Appeals, No. 84–1538, and expressing the hope that its instant motion may provide a vehicle for an expeditious resolution of the entire controversy.

**4.** This court has advised counsel regarding failures in performance of litigation duties and responsibilities to the court, which result from organizational deficiencies, particularly those which are systemic, repeated, or continual. *See,* for example, footnote 2 of the unpublished order in *Gilmore v. United States,* No. 615–81C (Sept. 24, 1984). In the instant case, however, the problem which arose is indeed rare, and has

not led to any repeated or continual omissions in performance. Prior to the situation which occurred here, there was no reason to believe that remedial or corrective measures were necessary.

**5.** Plaintiff's counsel has not furnished additional information concerning the 1984 Order and is not referred to in the instant motion. Nonetheless it is noted that the 1984 Order imposed like fines for like omissions of counsel (although based on different underlying circumstances).

Where, as here, the circumstances concerning defense counsel's absence at argument warrant

treatment with impunity, it may be appropriate to reexamine and reevaluate the treatment to be accorded to plaintiff's counsel as well.

Accordingly, the court believes the better procedure is to vacate and withdraw the 1984 Order in its entirety, rather than to grant relief to government counsel alone. This will enable the court to reconsider whether any sanctions, fines, or other disciplinary action is appropriate with respect to plaintiff's counsel based on his own individual conduct and in light of the circumstances described in this order with respect to defense counsel.